NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 23 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AIPING HAN,<br><br>   Petitioner,<br><br>   v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>   Respondent. | No. 14-71401<br><br>Agency No. A087-836-090<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Aiping Han, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing her appeal from an immigration judge's

decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").   We have jurisdiction

under 8 U.S.C. § 1252.   We review for substantial evidence the agency's factual

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.
   [**] The panel unanimously concludes this case is suitable for decision without oral
argument.   *See* Fed. R. App. P. 34(a)(2).

findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the problems the agency identified as to Han's vague and implausible testimony regarding the whereabouts of her husband after he allegedly escaped arrest, and his whereabouts and activities since Han's arrival in the United States. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Han's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Han's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Further, even if Han's testimony was credible, substantial evidence supports the agency's finding that Han failed to demonstrate a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Han's CAT claim because it was based on the same evidence found not credible and the record does not otherwise compel the finding that it is more likely than not Han would be

tortured by or with the consent or acquiescence of the government if returned to China.   *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**